JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST SUITE 210
SAN JOSE, CA 95113
TEL (408)297-4729
FAX (408)297-4728
jdblaw@earthlink.net

TOMAS E. MARGAIN, Bar No. _____
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone:    415-861-9600
Fax:          415-861-9622
margainlaw@hotmail.com

ATTORNEYS FOR PLAINTIFFS

FILED

2008 MAR 25 P 2: __

RICHARD W. WIE___
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

C08  01611  PVT

| | |
|---|---|
| VICTOR CARBAJAL, RODOLFO HERNANDEZ,  ISRAEL LOPEZ, FRANCISCO PLANCARTE, JESUS PLANCARTE,  ANTONIO RUIZ, JOSE VALDEZ, VICTOR VELAZQUEZ AND DOES 1-10<br><br>      Plaintiffs,<br>   vs.<br>ROBIE H DOBKINS, PLUMBERS ON CALL INC. GRANT J HALLSTROM, AMERICA'S COPPER REPIPE SPECIALIST INC. dba REPIPE SPECIALIST INC., AND DOES 1-10<br>     Defendants | Case No:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1) Violation of California Labor Code Section 510;<br>2) Violations of the Federal Fair Labor Standards Act;<br>3) Violation of California Business and Professions Code Section 17200; and<br>4) Violation of California Labor Code Section 201; and<br>5) Violation of California Labor Code Section 226. |

## NATURE OF CLAIM

This is an action on behalf of VICTOR CARBAJAL, RODOLFO HERNANDEZ,  ISRAEL

LOPEZ, FRANCISCO PLANCARTE, JESUS PLANCARTE,  ANTONIO RUIZ, JOSE

VALDEZ, VICTOR VELAZQUEZ  who have been employed on an hourly basis by ROBIE H

DOBKINS dba PLUMBERS ON CALL INC., GRANT J HALLSTROM dba AMERICA'S COPPER REPIPE SPECIALIST INC., dba REPIPE SPECIALIST INC. AND DOES 1-10 at various periods four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**PARTIES**

1. At all times relevant herein, Plaintiff Victor Carbajal is an individual resident of San Jose, California.

2. At all times relevant herein, Plaintiff Rodolfo Hernandez is an individual resident of San Jose, California.

3. At all times relevant herein, Plaintiff Israel Lopez is an individual resident of San Jose, California.

4. At all times relevant herein, Plaintiff Francisco Plancarte is an individual resident of San Jose, California.

5. At all times relevant herein, Plaintiff Jesus Plancarte is an individual resident of San Jose, California.

6. At all times relevant herein, Plaintiff Antonio Ruiz is an individual resident of Redwood City, California.

7. At all times relevant herein, Plaintiff Jose Valdez is an individual resident of San Jose, California.

8. At all times relevant herein, Plaintiff Victor Vazquez is an individual resident of San Jose, California.

9. At all times relevant herein, Defendant, Robie H. Dobkins is a managing agent with Defendant Plumbers On Call, Inc. with control over the Plaintiffs' work and pay.

10. At all times relevant herein, Defendant, Grant J. Hallstrom is a managing agent of America's Copper Repipe Specialist, Inc., dba Repipe Specialist Inc., in Glendale, California, with control over the Plaintiffs' work and pay.

11. At all times relevant herein, Plumbers on Call Inc., is a corporation headquartered in Campbell, California.

12. At all times mentioned herein, Defendant America's Copper Repipe Specialist, Inc., dba Repipe Specialist Inc. is a corporation headquartered in Glendale California and joint employer with Defendant Plumbers On Call Inc. of the Plaintiffs.

13. Individual Defendants DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of Defendants., having control over the Plaintiffs' work condition and work situation.

## GENERAL ALLEGATIONS

14. At all times relevant herein, Plaintiffs were employees of defendants, Plaintiffs were according to information and belief, employees of Defendants acting in the normal course and scope of their employment duties with Defendants.

15. During the course of Plaintiffs' employment with Defendants, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

16. Plaintiffs were paid on an hourly basis.

17. Plaintiffs did not perform "exempt" duties in his position as construction workers with Defendants and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209.* The Plaintiffs were not even marginally

responsible for management or administrative functions, and his primary job did not require him to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of his working time.

18. At no time during the Plaintiff's employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of PLUMBERS ON CALL INC., AMERICA'S COPPER REPIPE SPECIALIST INC., dba REPIPE SPECIALIST INC, where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did he participate in the development of general administrative policies of PLUMBERS ON CALL INC., AMERICA'S COPPER REPIPE SPECIALIST INC., dba REPIPE SPECIALIST INC.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

19. Plaintiffs re-allege and incorporate paragraphs 1-18 as if fully stated herein.

20. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

21. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendants knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

22. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

23. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in an amount to be determined at trial.

24. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

25. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

26. Pursuant to Labor Code Section 1194(a), Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by him in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

27. Plaintiffs re-allege and incorporate paragraphs 1-26 as if fully stated herein.

28. At all relevant times herein, Plaintiffs' employment were subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered by virtue of Plaintiffs' direct engagement in interstate commerce.

29. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

30. Although Plaintiffs were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

31. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

32. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

33. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

34. Defendants therefore owe Plaintiffs overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

35. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

36. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-35 as if fully stated herein.

37. At the time Plaintiffs' employment with Defendants were terminated, defendant's owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

38. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

39. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

40. Pursuant to Labor Code Section 218.5, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

41. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

42. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-41 as if fully stated herein.

43. At all times relevant herein, Plaintiffs' employment with Defendants were subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

44. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

45. During the period Plaintiffs were employed with Defendants, Defendants failed to pay Plaintiffs legally required overtime pay to which he were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

46. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

47. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

48. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

49. Plaintiffs, having been illegally deprived of the overtime pay to which he were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226
### INADEQUATE PAY STATEMENTS

50. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-49 as if fully stated herein.

51. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

52. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or 50$ for the first inadequate pay statement and 100$ for each inadequate statement thereafter.

53. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

54. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

55. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

56. Plaintiffs are therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

57. Plaintiffs has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for the following relief:

58. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

59. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

60. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

61. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

62. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

63. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

64. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

65. For costs of suit herein; and

66. For such other and further relief as the Court may deem appropriate.

March 11, 2008

JAMES DAL BON
LAW OFFICES OF JAMES
DAL BON
28 NORTH 1ST STREET
SUITE 210,
SAN JOSE, CA 95113

JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET SUITE 210
SAN JOSE, CA 95113
(408)297-4279


ATTORNEY FOR PLAINTIFFS


STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

VICTOR CARBAJAL, RODOLFO
HERNANDEZ, ISRAEL LOPEZ,
FRANCISCO PLANCARTE, JESUS
PLANCARTE, ANTONIO RUIZ, JOSE
VALDEZ, VICTOR VELAZQUEZ AND
DOES 1-10

        Plaintiffs,

        vs.

ROBIE H DOBKINS dba PLUMBERS ON
CALL INC., GRANT J HALLSTROM dba
AMERICA'S COPPER REPIPE SPECIALIST
INC., dba REPIPE SPECIALIST INC. AND
DOES 1-10

        Defendants

Case No:

DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.


JAMES DAL BON
Law Offices of James Dal Bon
28 North First St, Suite 210
San Jose, CA 95113

JS 44 - No. CALIF .(Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS

VICTOR CARBAJAL, RODOLFO HERNANDEZ, ISRAEL LOPEZ, FRANCISCO PLANCARTE, JESUS PLANCARTE, ANTONIO RUIZ, JOSE VALDEZ, VICTOR VELAZQUEZ AND DOES 1-10

**DEFENDANTS**

ROBIE H DOBKINS dba PLUMBERS ON CALL INC., GRANT J HALLSTROM dba AMERICA'S COPPER REPIPE SPECIALIST INC., dba REPIPE SPECIALIST INC. AND DOES 1-10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
           TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of James Dal Bon
28 North 1st Street Suite 210, San Jose, CA 95113
Tel (408)297-4729

ATTORNEYS (IF KNOWN)

C08 01611 PVT

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
       Plaintiff

☐ 2 U.S. Government
       Defendant

☑ 3 Federal Question
       (U.S. Government Not a Party)

☐ 4 Diversity
       (Indicate Citizenship of
       Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                     AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original
       Proceeding

☐ 2 Removed from
       State Court

☐ 3 Remanded from
       Appellate Court

☐ 4 Reinstated or
       Reopened

☐ 5 Transfered from
       Another district
       (specify)

☐ 6 Multidistrict
       Litigation

☐ 7 Appeal to
       District Judge from
       Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury Med Malpractice
☐ 365 Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☑ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl Ret Inc Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (US Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motion to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. 209, et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "X" IN ONE BOX ONLY) ☐ SAN FRANCISCO/OAKLAND ☑ SAN JOSE

DATE
3/25/08

SIGNATURE OF ATTORNEY OF RECORD