JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST SUITE 210
SAN JOSE, CA 95113
TEL (408)297-4729
FAX (408)297-4728
jdblaw@earthlink.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:          415-861-9622
margainlaw@hotmail.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| VICTOR CARBAJAL, RODOLFO HERNANDEZ,  ISRAEL LOPEZ, FRANCISCO PLANCARTE, JESUS PLANCARTE,  ANTONIO RUIZ, JOSE VALDEZ, VICTOR VELAZQUEZ FERNANDO CHAVEZ AND DOES 1-10<br>    Plaintiffs,<br>  vs.<br>ROBIE H DOBKINS, PLUMBERS ON CALL INC.   GRANT J HALLSTROM, AMERICA'S COPPER REPIPE SPECIALIST INC. dba REPIPE SPECIALIST INC., AND DOES 1-10<br>    Defendants | Case No:  5:08-cv-1611<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1) Violation of California Labor Code Section 510;<br>2) Violations of the Federal Fair Labor Standards Act;<br>3) Violation of California Business and Professions Code Section 17200; and<br>4) Violation of California Labor Code Section 201; and<br>5) Violation of California Labor Code Section 226<br>6) Negligence |

## NATURE OF CLAIM

This is an action on behalf of VICTOR CARBAJAL, RODOLFO HERNANDEZ, ISRAEL LOPEZ, FRANCISCO PLANCARTE, JESUS PLANCARTE, ANTONIO RUIZ, JOSE VALDEZ, VICTOR VELAZQUEZ, who have been employed on an hourly basis by

FIRST AMENDED COMPLAINT - 1

ROBIE H DOBKINS dba PLUMBERS ON CALL INC., GRANT J HALLSTROM dba AMERICA'S COPPER REPIPE SPECIALIST INC., dba REPIPE SPECIALIST INC. AND DOES 1-10 at various periods four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), damages for negligence and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**PARTIES**

1. At all times relevant herein, Plaintiff Victor Carbajal is an individual resident of San Jose, California.
2. At all times relevant herein, Plaintiff Rodolfo Hernandez is an individual resident of San Jose, California.
3. At all times relevant herein, Plaintiff Israel Lopez is an individual resident of San Jose, California.
4. At all times relevant herein, Plaintiff Francisco Plancarte is an individual resident of San Jose, California.
5. At all times relevant herein, Plaintiff Jesus Plancarte is an individual resident of San Jose, California.
6. At all times relevant herein, Plaintiff Antonio Ruiz is an individual resident of Redwood City, California.

7. At all times relevant herein, Plaintiff Jose Valdez is an individual resident of San Jose, California.

8. At all times relevant herein, Plaintiff Victor Vazquez is an individual resident of San Jose, California.

9. At all times relevant herein, Plaintiff Fernando Chavez is an individual resident of San Jose, California.

10. At all times relevant herein, Robie H. Dobkins is and was a managing agent with a corporation called Plumbers On Call, Inc. with was a joint employer with Defendant, Grant J. Hallstrom is a managing agent of America's Copper Repipe Specialist, Inc., dba Repipe Specialist Inc.    Robie H. Dobkin has filed for bankruptcy protection.

11. At all times relevant herein, Defendant, Grant J. Hallstrom is a managing agent of America's Copper Repipe Specialist, Inc., dba Repipe Specialist Inc., in Glendale, California, with control over the Plaintiffs' work and pay.

12. At all times relevant herein, Plumbers on Call Inc., is a corporation headquartered in Campbell, California that operated as a joint employer with Defendant, Grant J. Hallstrom is a managing agent of America's Copper Repipe Specialist, Inc., dba Repipe Specialist Inc.  Plumbers on Call Inc. has filed for bankruptcy protection.

13. At all times mentioned herein, Defendant America's Copper Repipe Specialist, Inc., dba Repipe Specialist Inc. is a corporation headquartered in Glendale California and joint employer with Plumbers On Call Inc. with respect to the claims asserted by Plaintiffs.

14. Individual Defendants DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of Defendants., having control over the Plaintiffs' work condition and work situation.

## GENERAL ALLEGATIONS

15. At all times relevant herein, Plaintiffs were employees of defendants, Plaintiffs were according to information and belief, employees of Defendants acting in the normal course and scope of their employment duties with Defendants.

16. During the course of Plaintiffs' employment with Defendants, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

17. Plaintiffs were paid on an hourly basis.

18. Plaintiffs did not perform "exempt" duties in their position as construction workers with Defendants and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs were not even marginally responsible for management or administrative functions, and their primary job did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

19. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of Grant J. Hallstrom dba America's Copper Repipe Specialist Inc., dba Repipe Specialist Inc, where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did he participate in the development of general administrative policies of Grant J. Hallstrom dba America's Copper Repipe Specialist Inc., dba Repipe Specialist Inc.

20. Plaintiffs were required to provide various tools and equipment necessary for the performance of the labor which they discharged and were not paid at least two times California the minimum wage.

21. America's Copper Repipe Specialist Inc., dba Repipe Specialist Inc. had a duty to properly train and supervise their agents, including the other Defendants, to among other things require and ensure that Robie H. Dobkin and Plumbers on Call Inc. paid workers the correct wages including overtime wages as mandated by the FLSA.

22. At all times mentioned America's Copper Repipe Specialist Inc., dba Repipe Specialist Inc. and Robie H. Dobkin and Plumbers on Call Inc including though not limited to the forgoing reasons: they shared work space, jointly advertised, and America's Copper Repipe Specialist Inc. had almost complete control over the clients and economic success of Robie H Dobkin and Plumbers on Call Inc.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

23. Plaintiffs re-allege and incorporate paragraphs 1-22 as if fully stated herein.

24. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

25. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendants knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

26. Defendants also failed to pay overtime based on the correct "regular rate" which is based on a weighted average of all hourly rates including any hourly rates based on a piece rate computation.

27. Defendants failed to pay Plaintiffs (2) times the minimum wage when Plaintiffs provided and maintained hand tools and equipment customarily required by the plumbing industry. This violated IWC Wage Order 16-2001 which states at section (8)(B):

> When the employer requires the use of tools or equipment or they are necessary for the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage may provide and maintain hand tools and equipment customarily required by the particular trade or craft in conformity with Labor Code Section 2802.

28. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

29. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in an amount to be determined at trial.

30. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

31. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

32. Pursuant to Labor Code Section 1194(a), Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by him in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

33. Plaintiffs re-allege and incorporate paragraphs 1-32 as if fully stated herein.

34. At all relevant times herein, Plaintiffs' employment were subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered by virtue of Plaintiffs' direct engagement in interstate commerce.

35. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

36. Although Plaintiffs were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

37. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

38. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

39. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

40. Defendants therefore owe Plaintiffs overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

41. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

**COUNT THREE: VIOLAITON OF CA LABOR CODE SECTIONS 201 and 202 FAILURE TO PAY WAGES DUE AND IMPOSITION OF CA LABOR CODE SECTION 203 "WAITING TIME" PENALTIES**

42. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-41 as if fully stated herein.

43. At the time Plaintiffs' employment with Defendants were terminated, defendant's owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

44. Failure to pay wages owed at the end of the employment relationship required by Labor Code §§ 201 and 202 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

45. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

46. Pursuant to Labor Code Section 218.5, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

47. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

**COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES**

48. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-47 as if fully stated herein.

49. At all times relevant herein, Plaintiffs' employment with Defendants were subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

50. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

51. During the period Plaintiffs were employed with Defendants, Defendants failed to pay Plaintiffs legally required overtime pay to which he were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

52. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

53. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

54. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

55. Plaintiffs, having been illegally deprived of the overtime pay to which he were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

**COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**
**INADEQUATE PAY STATEMENTS**

56. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-55 as if fully stated herein.

57. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates

1  fir which payment is being made, any and all applicable piece rates, and the current
2  address ad name of the employer.
3  58. California Labor Code Section 226 further provides that any employee suffering injury
4  due to a willful violation of the aforementioned obligations may collect the greater of
5  either actual damages or 50$ for the first inadequate pay statement and 100$ for each
6  inadequate statement thereafter.
7  59. During the course of Plaintiffs' employment, defendants consistently failed to provide
8  Plaintiffs with adequate pay statements as required by California Labor Code §226.
9  60. Defendants failed to provide such adequate statements willingly and with full knowledge
10  of their obligations under Section 226.
11  61. Defendants' failure to provide such adequate statements has caused injury to the
12  Plaintiffs.
13  62. Plaintiffs are therefore legally entitled to recover actual damages caused by defendants'
14  failure to provide proper records, in an amount to be determined at trial.
15  63. Plaintiffs has incurred costs and fees in bringing this action and seeks to recover such
16  costs under California Labor Code §226.

**COUNT SEVEN: NEGLIGENT RETENTION, SUPERVISION AND TRAINING OF A MANAGING EMPLOYEE OR AGENT**

19  64. Plaintiff incorporates each allegation set forth in paragraphs 1 through 63.
20  65. At times as mentioned in this complaint, Defendants negligently trained, retained and supervised
21  their managing agent and supervisory employees. Defendants failed to exercise reasonable care in
22  the supervision, retention and training of employees including but not limited to failing to
23  adequately supervise and train employees on the laws concerning the payment of wages and wage
24  discrimination. More specifically America's Copper Repipe Specialist Inc., failed to supervise

and/or train their managing agent Robie Dobkins and Plumbers On Call Inc. to properly pay their employees.

66. Defendants negligently failed to investigate the background of their supervisory employees and managing agents, including but not limited to America's Copper Repipe Specialist Inc., failure to supervise and/or train their managing agent Robie Dobkins and Plumbers On Call Inc. Defendants failed to take reasonable steps to protect Plaintiffs' wages and Plaintiffs from wage discrimination.

67. Defendants failed to supervise his employees including but not limited to managing agent and their employees/agents knew or reasonably should have known that the conduct and acts of omission set forth above violated Plaintiffs rights under state and federal law.

68. Defendants knew or should have known that unless he intervened to protect Plaintiffs and to adequately supervise, regulate, or discipline the conduct of their managing agents, they ratified the acts or omissions of their managing agents. America's Copper Repipe Specialist Inc., failure to supervise and/or train their managing agent Robie Dobkins and Plumbers On Call Inc. served to ratify Robie Dobkins and Plumbers On Call Inc failure to pay Plaintiffs' wages.

69. As a result of the aforementioned behavior of Defendant, plaintiffs have suffered and continue to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

70. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays for the following relief:

71. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

72. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

73. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

74. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

75. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

76. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

77. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

78. For costs of suit herein; and

79. For such other and further relief as the Court may deem appropriate.

July 23, 2008

JAMES DAL BON
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET
SUITE 210,
SAN JOSE, CA 95113

JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET SUITE 210
SAN JOSE, CA 95113
(408)297-4279

ATTORNEY FOR PLAINTIFFS

## STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| VICTOR CARBAJAL, RODOLFO HERNANDEZ, ISRAEL LOPEZ, FRANCISCO PLANCARTE, JESUS PLANCARTE, ANTONIO RUIZ, JOSE VALDEZ, VICTOR VELAZQUEZ, FERNANDO CHAVEZ AND DOES 1-10<br>        Plaintiffs,<br>    vs.<br>ROBIE H DOBKINS dba PLUMBERS ON CALL INC., GRANT J HALLSTROM dba AMERICA'S COPPER REPIPE SPECIALIST INC., dba REPIPE SPECIALIST INC. AND DOES 1-10<br>        Defendants | Case No:<br><br>DEMAND FOR JURY TRIAL |

July 23, 2008


Plaintiffs demand a jury trial.


                                            JAMES DAL BON
                                            Law Offices of James Dal Bon
                                            28 North First St, Suite 210
                                            San Jose, CA 95113